RUTLAND FOUNDRY & MACHINE SHOP COMPANY v. JAMES W. KING.*

### Lease.   Implied Covenant.

In an action for rent in arrear, defendant sought to recoup damages for the unsuitableness of a building on the premises for the purpose for which it was taken to be used. The building when demised was in process of construction. By the lease, plaintiff agreed to complete the building as soon as practicable; but the lease specified nothing as to the manner in which the building was to be completed, nor the purpose for which it was to be used. The referee found that the building "was not constructed in a proper, sufficient, or suitable manner, to answer and meet the purposes for which it was intended to be used and occupied," and that defendant suffered damage thereby. Held, no implication from the fact that the building was not properly constructed, that it was not constructed according to plaintiff's intention, and as it would have been if it had not been leased; and that, if it was so completed, there was no breach of covenant, as the lease contained no specification of a different manner of completion, and none of the purpose for which it was intended to be used, and so no covenant to complete in such manner or with reference to such use.

THIS was an action to recover the rent due under an indenture bearing date September 5, 1868, whereby the plaintiff demised to

*Decided at the January Term, 1876.

Rutland Foundry & Machine Shop Co. *v.* King.

the defendant certain premises in Rutland for the term of seven and one half years from October 1st then next.    The lease was of a brick machine-shop with certain appurtenances, and of certain land with buildings then thereon or in process of erection thereon, in the lease described as a wooden building, occupied by the lessor for storage, and a " wooden building eighty feet long by forty-nine wide, and two stories high," then being constructed. The lessor thereby agreed to complete the last-named building, and place therein a line of shafting as soon as practicable, but the lease specified nothing as to the manner in, or purpose for, which the building was to be completed.    The lessee thereby agreed to commit no waste, and to surrender the premises at the end of the term in as good order and condition, reasonable use and wear thereof, and fire and other casualties excepted, as they were in at the beginning of the term.    The case was referred with three others based on the same instrument.    The referees found that the defendant took possession under his lease, and used and occupied the premises throughout the entire term, and that he paid nearly all of the rent without any particular objection until after 1870, but that there was rent in arrear, so that there was due to the plaintiff the sum of $2,720.91, if no deduction was made on account of anything claimed by the defendant as hereinafter stated, and no addition on account of anything claimed by the plaintiff.    They further found that the building so agreed to be completed was constructed as to size and dimensions according to the plan determined on before the lease was executed, but that it " was not constructed in a proper, sufficient, or suitable manner, to answer and meet the purposes for which it was intended to be used and occupied," and that the defendant suffered damage by reason thereof, during the term, to the amount of $800, which he sought to apply in reduction of the sum due for rent ;    that the defendant was frequently in and about the building while it was being constructed, but had no control over its construction ;    that the defendant violated the covenants to commit no waste and to surrender the premises at the end of the term in a condition as good as they were in at its beginning, &c. ;    that the plaintiff suffered damage by reason thereof to the amount of $225 ;    and that if

those sums should be considered in determining the sum to be recovered by the plaintiff, a question that they submitted to the court, they should be apportioned among the four suits. They thereupon found that if the plaintiff was entitled to recover on account of the breach of covenant by the defendant, as aforesaid, and the defendant was entitled to a reduction on account of the manner in which said building was completed, the plaintiff should recover $2,833.28, with interest from September 14, 1875, and costs; but that, if the defendant was not entitled to such reduction, the plaintiff should recover $3,053.60, with interest from the same date, and costs.

The report was excepted to by the plaintiff; but at the September Term, 1875, the court, WHEELER, J., presiding, overruled the exceptions, and rendered judgment on the report for the plaintiff for $2,833.28 and costs; to which the plaintiff excepted.

*Dunton & Veazey*, for the plaintiff.

The court erred in allowing the defendant $800 on account of the imperfect construction of the building. There is no implied contract on a demise that the demised estate shall be fit for the purpose for which it was let or intended to be used. Taylor L. & Ten. s. 381, and notes 1, 2; *Cleaves* v. *Willoughby*, 7 Hill, 83; *Dutton* v. *Gerrish*, 9 Cush. 89; *Foster* v. *Peyser*, 9 Cush. 242; *Welles* v. *Castles*, 3 Gray, 323; *Post* v. *Vetter*, 2 E. D. Smith, 248; *Hart* v. *Windsor*, 12 M. & W. 68. The fact that the building was not completed when the lease was made, does not take the case out of the rule, especially under the circumstances stated. If the tenant enter with knowledge, or means of knowledge, of the condition, he cannot claim reduction of rent. Taylor L. & Ten. s. 646; *Cleaves* v. *Willoughby*, and *Hart* v. *Windsor*, *supra*; *Westlake* v. *De Graw*, 26 Wend. 669.

*A. A. Nicholson*, for the defendant.

The building " was not constructed in a proper, sufficient, and suitable manner to answer and meet the purposes for which it was intended to be used and occupied," and the defendant thereby suffered damage. That damage is a proper matter of recoup-

ment in this action. It was the plaintiff's duty, without any special covenant, so to complete the building that it should be adapted to the uses for which it was leased. There was an implied covenant that it should be adapted to such uses. If the question was, how much the plaintiff should recover for the erection of a building, under a special contract, and it appeared that the work had not been done according to the contract, but was nevertheless of some benefit to the defendant, the plaintiff would be entitled to recover on a *quantum meruit*. *Dyer* v. *Jones*, 8 Vt. 205; *Gilman* v. *Hall*, 11 Vt. 510, and cases *passim*. That rule has a significant application here, and implies a right on the part of defendant to recoup his damages. *Goslin* v. *Hodson*, 24 Vt. 140; *Keyes* v. *Western Vt. Slate Co.* 34 Vt. 81; Waterman Set-off, 592, 593, and cases cited.

The defendant's going into possession and paying rent for a time without " particular objection," was not a waiver of his claim.

The opinion of the court was delivered by

BARRETT, J. If the defendant is entitled to be allowed the $800, it is for breach of covenant by the plaintiff as to the building that was in process of construction named in the lease. We treat the question as to that the same as if it had been properly presented by pleadings. Does the report show a breach of covenant in the respect for which the allowance of $800 to the defendant is claimed ? Nothing is specified in the lease as to the manner in which, or the purpose for which, that building was to be completed, differing from it as in fact completed. The finding is, that " it was not completed in a proper, sufficient, or suitable manner to answer and meet the purposes for which it was intended to be used and occupied." This must be construed to mean, " used and occupied " by the defendant. That finding does not imply that it was not completed according to the intention of the plaintiff, entertained prior and up to the time of leasing, and just as it would have been completed if it had not been leased to the defendant. If it was so completed, then there would be no breach of covenant, unless the plaintiff had covenanted to complete it in a different manner, or with reference to the particular use to

which the defendant intended to put it. The lease does not show such covenant either in terms or effect. In order to that effect, the indenture should contain some specification of manner of completion, or of purpose for use for which it was to be completed, so that, on comparing the building as completed with the terms as to manner, or on testing it by use as to its sufficiency for the specified purpose, it might appear or be shown that it did not fulfill the covenant of the plaintiff in that behalf. To hold as claimed by the defendant and accorded by the County Court, would seem to be trenching on the established rules as to adding to or varying written contracts by parol evidence; and would be transcending the limits prescribed by the law as to implied undertakings that things contracted for shall be suitable for the particular use and purpose intended to be served by them. That rule is well stated in Taylor, 276, s. 381, and 9 Cush. 89, as to buildings already completed when leased. This case differs from that in the fact that it had not been completed; but this does not affect or dispense with the need of specifying in the indenture the use and purpose for which the building was to be completed, in order to subject the party, as for a breach of covenant, for not completing it in a proper manner to serve such use and purpose. This is illustrated by the remarks of SHAW, C. J., in the case cited, *supra*.

Judgment is reversed, and judgment for plaintiff, without any deduction on the score of said.$800. The only question was as to that.